IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALFRED R. KETELSEN,

        Plaintiff,

v.                                            Civil Action No. 3:06-cv-21
                                                  (Judge Stamp)

LINDA S. McMAHON,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION RECOMMENDING PLAINTIFF'S CASE BE DISMISSED FOR FAILURE TO COMPLY WITH THE LOCAL RULES

Alfred R. Ketelsen (Plaintiff), <u>pro se</u>, filed his complaint on February 23, 2006, seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, the Commissioner of Social Security (the Commissioner).[1] The Commissioner filed her Answer and a copy of the administrative record on May 24, 2006.[2]

Local Rule of General Procedure 83.12(b) provides that "Within thirty days after the defendant has filed an answer and a complete copy of the administrative record, the plaintiff shall file a brief in support of his or her claim(s) for relief." Since the Commissioner filed the administrative record on May 24, 2006, Plaintiff had until June 26, 2006, to file his brief.[3]

---

[1] Docket No. 1

[2] Docket Nos. 7, 8

[3] This date comes from adding thirty days to May 25 under Local Rule 83.12(b), plus another three days as provided in Federal Rule of Civil Procedure 6(e). Rule 6(e) states that "Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a)." Rule 5(b)(2)(B) speaks of mailing service and (D) speaks of service by any means other than hand delivery or leaving service with the clerk of the court if the person has "no known address." Hence, when a party makes service by mail, fax, e-mail, etc.,

Plaintiff did not file his brief within this time frame.

Since Plaintiff is proceeding pro se, this Court gave Plaintiff notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), on December 15, 2006.[4] The Court informed Plaintiff he had thirty days from the date of the notice to file his brief in support of his claim.[5] The Court further told Plaintiff that if he did not file his brief within that time frame, a recommendation would be entered that his claim be dismissed for failure to follow the Local Rules. To date, Plaintiff has not filed his brief.

Social Security appeals are decided on cross motions for summary judgment. L.R. Gen. P. 83.12. The Local Rules give Plaintiff the obligation of filing the first "brief in support" of the claim. L.R. Gen. P. 83.12(b). Only after this happens do the Local Rules provide for the Commissioner to file a brief. L.R. Gen. P. 83.12(c). The importance of Plaintiff's brief is further highlighted in that the Local Rules oblige the Commissioner to "address **all of the contentions and arguments** made by the plaintiff in the same order in which the plaintiff has stated them in his or her brief." Id. (emphasis in original).

By not filing his brief, Plaintiff has prevented the Court from deciding his case. The Court has no indication of the errors Plaintiff assigns to the ALJ's opinion or the defenses the Commissioner would raise against those arguments. Plaintiff has been given notice of the need to file his brief and has failed to do so. The Court cannot presently adjudicate the case due to

---

three days are added to the time the served party has to respond. In this case, the Commissioner sent Plaintiff a copy of the administrative transcript by mail (docket 8), meaning Plaintiff received three extra days.

[4] Docket No. 11

[5] Although the notice was signed on December 15, it was not placed on the docket until December 18.

Plaintiff's failure to follow the Local Rules.

Therefore, the Court RECOMMENDS that Plaintiff's case be DISMISSED for failure to comply with the Local Rules.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Frederick P. Stamp, U.S. District Judge. Since Plaintiff is pro se, the Court informs him the address to mail such objections is 1125 Chapline St., Wheeling, W.V., 26003. Furthermore, the objections must be received, not simply mailed, within this time frame. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the pro se Plaintiff.

DATED: January 29, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE